UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

In re:

**Dennis P. and Jean A. Leahy**
**Debtors.**

Filed & Entered
On Docket
July 3, 2007

Chapter 7 Case
# 06-10574

*Appearances:*    *Thomas Niksa, Esq.*                                *Raymond J. Obuchowski, Esq.*
                  *St. Albans, VT*                                    *Bethel, VT*
                  *Attorney for Debtors*                              *Attorney for Trustee*

## MEMORANDUM OF DECISION
### OVERRULING TRUSTEE'S OBJECTIONS TO DEBTORS' CLAIM OF EXEMPTION IN 403(B) PLAN AND DENYING TRUSTEE'S TURNOVER DEMAND

The issue presented in this case is straightforward: are contributions that Debtor Jean Leahy made to her 403(b) employee retirement plan excluded from property of the bankruptcy estate? Based upon the clear language of the statute, the Court finds that funds in a 403(b) account are excluded from the bankruptcy estate and hence need not be exempted. Therefore, the Court overrules the Trustee's objections to the Debtors' claim of exemptions and denies his demand for turnover.

### FACTS AND PROCEDURAL HISTORY

Because the Debtors' statement of facts is undisputed, the Court adopts them, as follows:

1. Jean Leahy is a nurse who has been employed for 34 years at Northwestern Medical Center, a not-for-profit hospital in St. Albans, Vermont. Mrs. Leahy has participated since November 1995 in the hospital-sponsored retirement plan[-- ] a tax-deferred annuity under section 403(b) of the Internal Revenue Code. She contributes approximately 15% of her pay to her retirement plan and did not increase that proportion in the year preceding the bankruptcy filing. The plan is funded entirely by her; her employer does not match her contributions. Her contributions have always remained below the tax-exemptible limits.

2. On December 8, 2006, Dennis P. Leahy and Jean A. Leahy filed for bankruptcy protection under Chapter 7, the majority of their obligations being business debt stemming from Dennis Leahy's business, Leahy Transport, a sole proprietorship. The Trustee exercised his strong-arm powers to seize the International truck which was the principal asset of the business and the sole source of income. The business is now defunct and Dennis Leahy is employed part-time by the Postal Service as a rural mail carrier. He is not eligible to participate in the Postal Service retirement plan.

3. Dennis Leahy is 61 years of age. His wife is 54. Other than the 403(b) account in question (estimated at $117,000 – 128,000) they have only $20,143 in retirement assets. They owe $114,109 on their house.

4. On April 18, 2007, Trustee filed an Objection to Debtors' Third Amended Claim of Exemptions, asserting that Jean Leahy's contributions to her 403(b) account made within one year of filing are not exempt under 12 V.S.A. § 2470(16).

5. In response, Debtors filed Second Amended Schedule B – Personal Property and Fourth Amended Schedule C – Property Claimed as Exempt. The investment growth portion of the account is listed as an asset in the schedules, but no contributions are included in the asset value, as they are excluded from the bankruptcy estate under the provisions of 11 U.S.C. § 541(b)(7)(A)(i)(III). The claim of exemption of the growth portion under 12 V.S.A. § 2470(16) has not been objected to by the Trustee.

(doc. # 78).

The chapter 7 Trustee has provided further detail about the Schedules filed by the Debtors, and the procedural history underlying the issue in this case:

[1.] Since the filing of the original Schedule C the Debtors have amended their claim of exemptions from the originally filed federal exemptions, to a mixed use of state and federal exemptions on or about December 21, 2006 (the First Amended Schedule C); to a mixed use of state and federal exemptions on or about February 16, 2007 (the Second Amended Schedule C); to a use of only state exemptions on or about March 8, 2007 (the Third Amended Schedule C); and to a revised use of state exemptions on May 7, 2007 (the Fourth Amended Schedule C); with an order to file a revised Fourth Amended Schedule C on May 25, 2007.

[2.] Under the Third Amended Schedule C, the Debtors had asserted their claim of exemptions under 11 U.S.C. § 522(b)(3) as incorporating Vermont law under 12 V.S.A. § 2740(16) with respect to the retirement account as follows: Retirement 403(b) Met Life - $117,370.32.

[3.] The Fourth Amended Schedule C instead exempts only an estimated "$40,490 - $49,662" under 12 V.S.A. § 2740(16), despite the full account value of over $120,000.00. The Debtor instead references 11 U.S.C. § 541(b)(7)(B)(i)(III) to state that the remainder of the account, or approximately $78,713.54, is excluded from the estate as being contributions made by Jean Leahy through her employer to the 403(b) plan.

(doc. # 79).

## DISCUSSION

Generally, a bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). Section 541(b) of the statute delineates what is excluded from the property of the estate. The Bankruptcy Abuse Prevention and Consumer Protection Act of

2

2005 ("BAPCPA") amended § 541 by adding § 541(b)(7) – pertinent to the issue raised in this case – which provides as follows:

> (b) Property of the estate does not include –
> * * *
> (7) any amount –
>    (A)  withheld by an employer from the wages of employees for payment as contributions –
>       (i)  to –
>          * * *
>          (III)  a tax-deferred annuity under section 403(b) of the Internal Revenue Code of 1986
>    (B)  received by an employer from employees for payment as contributions –
>       (i)  to –
>          * * *
>          (III)  a tax-deferred annuity under section 403(b) of the Internal Revenue Code of 1986.

11 U.S.C. § 541(b)(7)(A)(i)(III) and (B)(i)(III). The Debtors claim that the funds in the 403(b) account are excluded from their bankruptcy estate under this provision, which is not limited in any way as to amount or timing of the contributions, and hence that no exemption is needed for the contributions made within the year prior to filing (doc. # 78).

The Trustee argues that the language of § 541(b)(7)(B)(i)(III): (1) could only refer to "amounts still within the hands of the employer prior to being deposited in the debtor's account. The statute plainly applies to the 'gap' period between the withholding of the debtor's wages by the employer and the employer's remittance to the debtor's plan"; and (2) "could not possibly exclude from the estate unlimited contributions to a debtor's account." (doc. # 79). The Trustee observes, "[c]learly, a debtor in financial straits should not be contributing nearly $1,000.00 per month to her retirement, while failing to pay her creditors. This is precisely why Vermont's 12 VSA §2740(16) excludes from the unlimited account protection, those contributions made within the year prior to a bankruptcy filing." (Id.).

Section 541(b)(7) is a new provision, and neither the parties nor the Court has found any case that directly addresses the parameters of exclusion of 403(b) accounts from property of a bankruptcy estate. The Court has, however, found cases that discuss 401(k) employee benefit plans – the employee contributions of which are excluded under § 541(b)(7)(B)(i)(I). These cases arise in two contexts: motions to dismiss chapter 7 cases based upon an alleged abuse of the bankruptcy process, pursuant to § 707(b), see In re Zaporski, __ B.R. __, 2007 WL 1186032 (Bankr. E.D.Mich. Apr. 17, 2007), and objections to confirmation in chapter 13 cases where the question is whether contributions or loan repayments to a qualified 401(k) retirement account, an ERISA-qualified savings plan, or a deferred compensation plan, are properly included in calculating disposable income, under § 1325(b)(2), see, e.g., In re Puetz, __ B.R. __, 2007 WL 1805482 (Bankr. D.Kan.

3

June 22, 2007); In re Nowlin, __ B.R. __, 2007 WL 1095449 (Bankr. S.D.Tex. Apr. 11, 2007); In re Braulick, 360 B.R. 327 (Bankr. D.Mont. 2006); In re Devilliers, 358 B.R. 849 (Bankr. E.D.La. 2007); In re Njuguna, 357 B.R. 689 (Bankr. D.N.H. 2006); In re Thompson, 350 B.R. 770 (N.D.Ohio 2006); In re McBride, 347 B.R. 585 (Bankr. S.D. Tex. 2006). Since § 541(b)(7) treats contributions and loan repayments to qualified 401(k) retirement accounts, ERISA-qualified savings plans, and deferred compensation plans in the same way as 403(b) plans, those cases are instructive in analyzing the issue presented here, particularly since a "403(b) plan is analogous to a 401(k) plan, but is for employees of nonprofit organizations." In re Heffernan, 242 B.R. 812, 818 n.2 (Bankr. D.Conn. 1999). As the Heffernan Court found, "references in the discussion to 40l(k) plans, therefore, are equally relevant to 403(b) plans." Id.

These cases speak with one voice in concluding that, pursuant to § 541(b)(7), 401(k) or ERISA-qualified savings plan funds are not property of the bankruptcy estate. See In re Puetz, __ B.R. __, 2007 WL 1805482 at * 6 ("Further, § 541(b)(7) excepts from property of the estate any amount contributed to a qualified retirement plan, to the extent legally permitted."); In re Nowlin, __ B.R. __, 2007 WL 1095449 at * 4 ("Under 11 U.S.C. § 541(b)(7), amounts given to ERISA qualified employee benefit plans (EBPs) do not constitute property of the estate."); In re Braulick, 360 B.R. at 331 ("This Court concludes that 11 U.S.C. § 541(b)(7) excludes from the property of the estate any amounts withheld by the employer or paid by the employee for a deferred compensation plan that qualifies under 26 U.S.C. § 457 prior to the remission of such amounts to the deferred compensation fund. . ."); In re Devilliers, 358 B.R. at 864 ("Thus, mandatory or voluntary contributions to qualified retirement plans are not property of the estate. . ."); In re Njuguna, 357 B.R. at 690 ("Thus, property listed in section 541(b) does not become part of the bankruptcy estate. Section 541(b)(7) lists 401k contributions. Thus, 401(k) contributions are not property of the bankruptcy estate."); In re Thompson, 350 B.R. at 775 ("A 401(k) plan is owned by the debtor, even though the plan funds are not property of the estate. . ."); In re McBride, 347 B.R. at 595 ("[t]he Debtor's after-tax contributions to her ERISA-qualified Savings Plan are excluded from the bankruptcy estate because of the presence of the anti-alienation clause.").

The same logic applies in the instant case. There is no dispute that the plan to which Mrs. Leahy has contributed is a tax-deferred annuity under § 403(b) of the Internal Revenue Code and that her contributions have been within the permissible contribution limits. Reading the unambiguous language of § 541(b)(7), "any amount" of Mrs. Leahy's (legally permissible) contributions are excluded from the bankruptcy estate. The Court rejects the Trustee's interpretation that the provision applies only to the 'gap' period between the withholding of the debtor's wages by the employer and the employer's remittance to the debtor's plan. The statutory language simply does not support that narrow reading.

4

The Trustee's second argument – that BAPCPA "could not possibly exclude from the bankruptcy estate unlimited contributions to a debtor's account" has some merit, but not in the context suggested by the Trustee. He refers to 12 V.S.A. § 2740(16), which "excludes from the unlimited account protection, those contributions made within the year prior to a bankruptcy filing." (doc. # 79). But this state statute – which refers to "exemptions" from attachment and execution, not "exclusions" – is not relevant to interpretation of the federal statute. Rather, the critical and applicable limitation is "the limits legally permitted by [her 403(b)] plan[ ]," In re Johnson, 346 B.R. 256, 263 (Bankr. S.D.Ga. 2006), and the Trustee does not assert that Mrs. Leahy's contributions exceeded the amounts allowed by her plan.

It follows, then, that if property is excluded from the bankruptcy estate, the Court need not determine whether such property may be exempt under 12 V.S.A. § 2740(16). "Exemptions come into play only when property is included in the bankruptcy estate and is sought to be used to satisfy the claims of creditors; by definition, excluded property never forms part of the bankruptcy estate and thus need not be tested for exempt status." In re Sewell, 180 F.3d 707, 710 (5th Cir. 1999) (explaining that "[a]s the Debtor in the instant case has claimed – and the bankruptcy and district courts have allowed – the exclusion of her beneficial interest in the Plan from her bankruptcy estate [means that] we never reach the issue of exemptions.") (emphasis in original). Consequently, the Trustee's contention that the Debtors failed to exempt the contributions made to Mrs. Leahy's 403(b) account within the year prior to filing (doc. # 79) fails because the contributions were never part of the bankruptcy estate in the first instance.

Some cases and commentators have remarked on the broad sweep of section 541(b)(7). In In re Devilliers, the trustee maintained that the court must set the level of contributions allowed a 401(k) plan under a necessary and reasonable standard. In rejecting that position, the court reasoned first that, "[a]s excluded income, the contributions are not a deduction because they were never included in the first instance." 358 B.R. at 864. Secondly, the court cited policy reasons underlying the new provision:

> [U]nlike the provisions of § 707(b)(2) and § 1325(b)(2) or (3), § 541(b)(7) does not modify excluded contributions based on reasonableness or necessity. . . . The Code simply contains no requirement that contributions to a retirement account be 'reasonable or necessary.' Perhaps more accurately, Congress has determined that contributions to a qualified retirement account are, by their very nature, reasonable and necessary. By providing for a debtor's eventual retirement, retirement contributions become part of a debtor's fresh start.

Id. at 864-65.

## CONCLUSION

Although the Court appreciates the Trustee's point that the outcome in this case seems at odds with the thrust of BAPCPA, such a result is nevertheless required by the plain language of the statute. Based on the foregoing, the Court denies the Trustee's motion for turnover and overrules his objections.

_____

July 3, 2007  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge